THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROGER D. MOSBY
ADC# 63018                                                                                          PLAINTIFF

v.                                   Case No. 5:19-cv-00160-KGB-JJV

WENDY KELLEY, Director
Arkansas Department of Correction                                                       DEFENDANT

# ORDER

The Court has received Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 7). Also pending before the Court is plaintiff Roger D. Mosby's motion for extension of time to file response, motion to appoint counsel, motion for status, motion for emergency evidentiary hearing and motion for ruling, and motion for expedited ruling (Dkt. Nos. 8, 9, 11, 12, 16). Though objections were due by June 17, 2019, Mr. Mosby submitted his objections to the Proposed Findings and Recommendations on July 12, 2019 (Dkt. No. 10). For good cause shown, the Court grants Mr. Mosby's motion for extension of time, and the Court considers the objections Mr. Mosby filed (Dkt. Nos. 8, 10). After careful review of the Proposed Findings and Recommendations and Mr. Mosby's objections, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations as its findings in all respects (Dkt. No. 7). The Court also denies Mr. Mosby's motion to appoint counsel and denies as moot Mr. Mosby's motions for status, evidentiary hearing, and expedited ruling (Dkt. Nos. 9, 11, 12, 16).

Mr. Mosby is incarcerated at the Maximum Security Unit in Tucker, Arkansas, and filed a *pre se* action pursuant to 42 U.S.C. § 1983 (Dkt. No. 2). According to Judge Volpe, Mr. Mosby is a "three-striker" within the meaning of the Prison Litigation Reform Act ("PLRA") of 1996, 28

U.S.C. § 1915(g) (Dkt. Nos. 3, at 1; 7, at 2). Mr. Mosby sued Director of the Arkansas Department of Correction Wendy Kelley and alleged that drugs were being placed into the meals provided at the Maximum Security Unit, making Mr. Mosby feel like a zombie and "produc[ing] imbalances in [his] body and health." (*Id.*, at 7-8, 15-16). Because of this alleged doping, Mr. Mosby says that he is not eating regularly (Dkt. No. 7, at 2). Mr. Mosby also contends that he cannot pursue his claims in court because he does not have and cannot get the names of the individuals he wants to sue, and Mr. Mosby further contends that he does not have sufficient access to legal materials and that his right to access the courts has been violated (Dkt. No. 2, at 16-20). For the purpose of determining imminent danger, Judge Volpe found Mr. Mosby's allegations that his meals are being tainted with drugs "frivolous" (Dkt. No. 7, at 2). Judge Volpe also found that no other allegations in the record indicate Mr. Mosby is in imminent danger of serious physical injury (*Id.*).

On May 9, 2019, Judge Volpe directed Mr. Mosby to pay the statutory filing fee of $400.00 within fourteen days (Dkt. No. 3), if he intended to pursue this action. Mr. Mosby requested an extension of time in which to respond to Judge Volpe's May 9 Order, and Judge Volpe granted his motion, giving Mr. Mosby until May 31, 2019, to file a response (Dkt. Nos. 4, 5). In his June 3, 2019, response, Mr. Mosby contended that the merits of his complaint entitled him to *in forma pauperis* status, among other arguments (Dkt. No. 6). After reading Mr. Mosby's response and conducting another thorough review of Mr. Mosby's complaint, Judge Volpe found Mr. Mosby's allegations of being drugged "frivolous" (Dkt. No. 7, at 3). Judge Volpe reiterated that he found Mr. Mosby made no other allegations that indicate he is in imminent danger of serious physical injury (*Id.*).

Judge Volpe recommends that Mr. Mosby's complaint be dismissed without prejudice and that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from

any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

The PLRA enacted what is commonly referred to as the "three strikes" provision. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). This provision reads, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). According to Judge Volpe, Mr. Mosby is a "three-striker" within the meaning of the PLRA (Dkt. Nos. 3, at 1; 7, at 2). Mr. Mosby has had at least three 42 U.S.C. § 1983 cases dismissed for failure to state a claim upon which relief may be granted or as frivolous: *Mosby v. Williams*, 5:97cv00457-GH (E.D. Ark.); *Mosby v. Crumpton*, 5:91cv00426-GH (E.D. Ark.); *Mosby v. Dolphin*, 5:91cv00337-SWW (E.D. Ark.); *Mosby v. Campbell*, 5:95cv00703-SMR (E.D. Ark.); *Mosby v. Crumpton*, No. 91-3171, 953 F.2d 647 (8th Cir. Oct. 10, 1991) (Dkt. No. 3, at 1 n.1). Thus, given Mr. Mosby's status as a "three-striker," Mr. Mosby's current action is barred under the PLRA due to the absence of imminent danger of serious physical injury. Upon a thorough review of the record, the Court agrees with Judge Volpe that Mr. Mosby fails to allege credibly that he is under imminent danger of serious physical injury. As such, Mr. Mosby's action should be dismissed.

Mr. Mosby also moves for appointment of counsel (Dkt. No. 9). In his motion, Mr. Mosby requests counsel or standby counsel to represent him and his legal rights (*Id.*, at 1). Mr. Mosby states that he is a very sick and impaired prisoner and that he needs professional counsel's assistance soon (*Id.*). In support of his motion, Mr. Mosby includes two Unit Level Grievance Forms and a sworn affidavit from Mr. Mosby himself dated July 9, 2019 (*Id.*, at 3-5). In the

3

Grievance Forms and the affidavit, Mr. Mosby alleges that Director Kelley has resorted to impeding Mr. Mosby's pleadings and mailed submissions to the Court through her subordinates at Mr. Mosby's place of confinement (*Id.*, at 1). Though not made explicit, Mr. Mosby seems to argue that appointment of counsel would help Mr. Mosby rectify these alleged wrongs and prevent them from happening in the future (*Id.*).

The factors to consider in deciding whether to appoint counsel in a civil case are whether: (1) the plaintiff can afford to retain an attorney; (2) the plaintiff has made a good-faith effort to retain an attorney but has been unable to do so; (3) there is some factual basis for the plaintiff's lawsuit; and (4) the nature of the litigation is such that the plaintiff and the court would benefit from the assistance of counsel. *Slaughter v. Maplewood*, 731 F.2d 587, 590 (8th Cir. 1984). Moreover, courts evaluate factors such as "the complexity of the case, the ability of the indigent litigant to investigate facts, the existence of conflicting testimony, and the ability of the indigent to present his claim." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (quoting *Edgington v. Missouri Dep't of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)). "The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Edgington*, 52 F.3d at 447 (citation omitted).

In considering the factors listed above, the Court denies Mr. Mosby's motion to appoint counsel in this case. Mr. Mosby has not demonstrated a good-faith effort to retain an attorney, and the Court, in agreement with Judge Volpe, finds that there is little factual basis for Mr. Mosby's lawsuit. *See Maplewood*, 731 F.2d at 590. Finally, the Court does not find that the nature of the

litigation is such that Mr. Mosby and the Court would benefit from assistance of counsel. *See id.*; *Edington*, 52 F.3d at 447.

It is therefore ordered that:

1. The Court adopts the Proposed Findings and Recommendations in their entirety as the Court's findings in all respects (Dkt. No. 7);

2. The Court grants Mr. Mosby's motion for extension of time to file response (Dkt. No. 8). The Court considers the objections Mr. Mosby filed (Dkt. No. 10);

3. The Court dismisses Mr. Mosby's complaint without prejudice (Dkt. No. 2) and denies the requested relief;

4. The Court denies Mr. Mosby's motion to appoint counsel (Dkt. No. 9);

5. The Court denies as moot Mr. Mosby's motion for status (Dkt. No. 11);

6. The Court denies as moot Mr. Mosby's motion for emergency evidentiary hearing and motion for ruling (Dkt. No. 12);

7. The Court denies as moot Mr. Mosby's motion for expedited ruling (Dkt. No. 16); and

8. The Court certifies, pursuant to pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this Order and the accompanying Judgment would not be taken in good faith.

So ordered this the 24th day of January 2020.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge